COMMONWEALTH *vs.* PAUL S. STEADMAN.

Suffolk.    October 11, 1973. — November 8, 1973.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Constitutional Law,* Speedy trial. *Practice, Criminal,* Speedy trial.

No constitutional denial of speedy trial to the defendant in a criminal case appeared where his trial was delayed for some three months by clerical errors in a clerk's office while he was incarcerated in lieu of bail and was without counsel. [542-544]

INDICTMENT found and returned in the Superior Court on August 10, 1972.

A motion to dismiss the indictment was heard by *Lynch, J.*

*John George Landes* for the defendant.

*Daniel C. Mullane,* Assistant District Attorney, for the Commonwealth.

GRANT, J.    The only error assigned by the defendant (G. L. c. 278, § 33D) in connection with his conviction of indecent assault and battery on a child under the age of fourteen (G. L. c. 265, § 13B) is the denial of his motion to dismiss the indictment on the ground that he had been

---

deprived of his right to a speedy trial guaranteed by art. 11 of the Declaration of Rights and by the Sixth (by reason of the Fourteenth) Amendment to the Constitution of the United States.

The relevant chronology of events is as follows. The offence was committed on October 15, 1970, and a complaint against the defendant issued out of a District Court on the following day. The defendant was not arrested until June 16, 1972, because he had voluntarily absented himself from the Commonwealth during the interval between the issuance of the complaint and a date shortly before he was arrested here. He was arraigned in the District Court on June 19, 1972, on which date his case was continued until June 26, 1972. On the latter date the District Court declined jurisdiction, bound the defendant over for the grand jury, and committed him to the Suffolk County jail in lieu of bail. He was indicted by the grand jury on August 10, 1972.

The defendant's case was called in the Superior Court on September 6, 1972. He was still in jail on that date, had not been notified that his case would be called, was not in court, and was defaulted for failure to appear. The action taken by the court on that date resulted from clerical errors made in a clerk's office and appearing on the papers in this and an otherwise unrelated case which caused both the court and the prosecution to believe the defendant was then free on personal recognizance. The mistake was discovered, and the defendant was brought into court on December 14, 1972, when the default was vacated and counsel was first appointed to represent the defendant in the Superior Court.[1] He was arraigned on January 5, 1973, when, by agreement, his case was continued for trial on February 7, 1973. The motion to dismiss was filed on January 11, 1973, heard on January 26, and denied on January 31. The defendant was tried jury waived, found guilty, and sentenced, all on February 13, 1973. Other facts appear at later points in this opinion.

---

[1] He had been represented by different appointed counsel in the District Court.

The test which must be employed in balancing the rights and conduct of the prosecution and the defendant in a speedy trial case requires an "ad hoc" consideration of each of the following factors: "[1] Length of delay, [2] the reason for the delay, [3] the defendant's assertion of his right, and [4] prejudice to the defendant." *Barker* v. *Wingo,* 407 U. S. 514, 530 (1972). *Commonwealth* v. *Horne,* 362 Mass. 738, 742 (1973). We proceed to a consideration of each factor, having in mind that the arguments advanced by the defendant are purely constitutional.[2]

1. The major portion of the delay in bringing the defendant to trial appears to have resulted from his having absented himself from the Commonwealth during the period of approximately twenty months prior to his arrest. As we do not know whether the defendant was aware of the complaint or whether the prosecution knew (or had reason to know) of the defendant's whereabouts during that period, we do not attribute that portion of the delay to either party.

The defendant's counsel would have us concentrate on the period of approximately six months which intervened between the time he was bound over in the District Court on June 26, 1972, and the time when he was first brought into the Superior Court on December 14, 1972. However, as conceded by his counsel at oral argument the defendant, but for the clerical errors, would probably have been tried within a few weeks of the time when his case was first called on September 6, 1972. Accordingly, our principal concern is with the portion of the delay intervening between that date and December 14, 1972. A delay of approximately three months, when considered in the light of the other factors discussed in this opinion, does not appear inordinate.

2. As the judge found, the Commonwealth must bear the responsibility for the clerical errors which initiated the delay. We observe, however, that the prosecution did not intend the delay (compare *Commonwealth* v. *Jones,* 360

---

[2] The defendant's counsel agreed that there was compliance with the provisions of G. L. c. 277, §§ 15 and 72.

Mass. 498, 501 [1971]) and had no intention of gaining any tactical advantage over the defendant or of harassing him in any way (contrast *Commonwealth* v. *Thomas,* 353 Mass. 429 [1967]).

3. The defendant was without counsel during the applicable period of delay. As there was nothing to suggest that the defendant was then aware of his right to a speedy trial, we regard his failure to demand a trial as a neutral factor. See *United States* v. *Butler,* 426 F. 2d 1275, 1278 (1st Cir. 1970).

4. The interests of the defendant which must be considered on the question of possible prejudice were identified in *Barker* v. *Wingo* as the following: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired" (407 U. S. at 532). There was no evidence or claim of either (i) or (ii), and we are not prepared to say that the judge who heard the motion in this case was required to take judicial notice of facts such as those found at a later date in another case by a judge of a different court, and then only after a view and the taking of voluminous evidence. See *Inmates of the Suffolk County Jail* v. *Eisenstadt,* 360 F. Supp. 676 (D. Mass. 1973).

As to (iii) above, the judge in this case noted that "[n]o specific prejudice to the defendant has been claimed or proved" and that "no loss of witnesses or physical evidence was claimed." We ourselves note from the trial transcript that this was not a case which turned in any way on the eyewitness identification of the defendant as the one who had assaulted the victim (see *United States* v. *Butler,* 426 F. 2d 1275, 1277 [1st Cir. 1970]); the only witnesses called by the prosecution at the trial were the defendant's sister and his niece (the victim).[3] The motion judge concluded that "[a]ctual prejudice to the defendant in the defense of his case . . . [was] minimal." A careful review of the proceedings before the motion judge and before the trial judge causes us to concur in that finding or ruling.

---

[3] Neither witness was cross-examined, and the defendant offered no defense.

There was no error in denying the motion to dismiss the indictment.

*Judgment affirmed.*