COMMONWEALTH *vs.* EDWARD F. KENNEDY. March 28, 1974. On February 16, 1972, the day after he was sentenced to a term at the Massachusetts Correctional Institution, Walpole, for armed robbery, the defendant was charged by complaint in a District Court with entering a dwelling while armed, assault with intent to commit a felony, and larceny, all alleged to have been committed on February 1, 1972. The complaints were not brought to the attention of the Commissioner of Correction until sometime between June 6 and June 23, 1972; and the defendant, who had been transferred to a forestry camp on June 8, was not notified thereof and of his right to apply for prompt trial or other disposition (G. L. c. 277, § 72A) until June 23, 1972. On July 7, 1972, the defendant applied for prompt trial, and on August 16, 1972, after hearing, the District Court bound him over to the grand jury, which thereafter returned indictments for the same offenses previously complained of. In this appeal under G. L. c. 278, §§ 33A-33G, the defendant assigns as error (and argues; see Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 [1972]) the denial of his motion to dismiss the indictments on the sole ground that the delay of four months and eight days between the issuance of the complaints and his notification thereof in and of itself deprived him of a right guaranteed by art. 11 of our Declaration of Rights and by the Sixth Amendment to the Constitution of the United States as applied through the Fourteenth Amendment. We are of the opinion that the length of the delay here is not such as to be "presumptively prejudicial" (*Barker* v. *Wingo*, 407 U. S. 514, 530 [1972]), and therefore it is unnecessary to inquire into the other factors set forth in *Barker* v. *Wingo* and *Commonwealth* v. *Horne*, 362 Mass. 738

(1973). However, out of an abundance of caution (see *Moore* v. *Arizona,* 414 U. S. 25 [1973]), we have considered the remaining factors and find no error. The defendant has failed to demonstrate that the delay resulted from a prosecutorial intent to gain a tactical advantage over him or to harass him. See *Commonwealth* v. *Thomas,* 353 Mass. 429 (1967); *Commonwealth* v. *Steadman,* 1 Mass. App. Ct. 541, 543-544 (1973). Its cause was more likely administrative inadvertance. *United States* v. *Cabral,* 475 F. 2d 715, 718 (1st Cir. 1973). The defendant's chief contention is that the delay prevented him from remembering his activities on February 1, 1972. Although a failure of memory resulting from delay may be prejudicial in some circumstances (*Commonwealth* v. *Jones,* 360 Mass. 498, 501 [1971]), a defendant's general and unsubstantiated allegation of prejudice for this reason is not enough.

*Judgments affirmed.*

The case was submitted on briefs.
*Kay Hodge* for the defendant.
*Angelo Morello,* Assistant District Attorney, for the Commonwealth.