COMMONWEALTH *vs.* KENNETH COOKE. February 10, 1976. The defendant was convicted by a jury on indictments which charged him with armed robbery and possession of a shotgun without a firearms identification card. He argues that he was denied his constitutional rights

---

of (1) speedy trial and (2) confrontation (in that the judge unduly restricted his cross-examination of the complainant). From the bill of exceptions it appears that on October 7, 1972, the complainant offered a ride to and drove to her apartment, a woman previously unknown to him, one Yvonne Burke. There he was robbed of his money and overcoat by Burke's boyfriend (the defendant). The defendant was arrested the next day, was indicted on December 5, 1972, and pleaded not guilty on January 5, 1973. By reason of a series of delays occasioned by the appointment of new defense counsel following dismissal of previous counsel by the defendant, by the failure of the authorities on one occasion to bring the defendant to court from his detention facility, and by various continuances made necessary by his attorney's engagement in courts elsewhere, he was not tried until September 18, 1973. On that day the defendant filed (and the judge denied) a pro se motion for dismissal of the indictments on the ground of a denial of a speedy trial. We apply the four-pronged analysis of *Barker* v. *Wingo,* 407 U. S. 514, 530-533 (1972): length of delay, reason for the delay, the defendant's assertion of the right, and prejudice to the defendant. The eleven-month period between the defendant's arrest and trial (*Dillingham* v. *United States,* 423 U. S. 64 [1975] [per curiam]) is sufficient to trigger our examination of the other factors. Compare *United States* v. *Fay,* 505 F.2d 1037 (1st Cir. 1974), *Commonwealth* v. *Parry,* 1 Mass. App. Ct. 730, 732-734 (1974), and *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 701 (1974), with *Commonwealth* v. *Kennedy,* 2 Mass. App. Ct. 813 (1974). See also *Commonwealth* v. *Gove,* 366 Mass. 351, 362, n.13 (1974). However, our review of the record indicates that both the defendant and his personally chosen counsel were primarily responsible for most of the delay in bringing the case to trial and that the prosecution remained ready to proceed at all pertinent times. See *Commonwealth* v. *Loftis,* 361 Mass. 545, 548-550 (1972); *Commonwealth* v. *Underwood,* 3 Mass. App. Ct. 522, 527-529 (1975). The defendant neither presented a motion nor made any other specific demand for a speedy trial until the trial actually commenced. This would indicate at least a lack of concern about the effect that the passage of time might have on his ability to defend himself properly. *Commonwealth* v. *Gilbert,* 366 Mass. 18, 23 (1974). See *Barker* v. *Wingo, supra,* at 531-532; *Commonwealth* v. *Gove, supra,* at 363. While the defendant maintains that he was prejudiced by the absence at trial of Burke and another allegedly material witness, one George Hadge (who was present at the time of the arrest), the record before us shows that the trial judge offered to subpoena these potential witnesses if the defendant would furnish their addresses. The bill of exceptions does not indicate that this information was ever submitted by the defendant. Thus, "there is no acceptable basis for our concluding that the defendant was prevented from making his strongest case." *Commonwealth* v. *Underwood, supra,* at 531. *Commonwealth* v. *Burhoe,* 3 Mass. App. Ct. 590, 594 (1975). The defendant's allegation that the trial judge's restriction of the cross-examination of the complainant regarding what he was doing when he offered a ride to Burke and why he wore a security guard badge in the court room during the trial violated his right of confrontation is also without merit. "Generally, the scope and extent of cross-examination rest in the discretion of the judge, and his rulings will not be disturbed on review unless substantial rights of the defendant are shown to have been prejudiced." *Commonwealth* v. *Cresta,* 3 Mass. App. Ct. 560, 563 (1975). In view of

the nature of the excluded questions the judge acted within his discretion in this matter.

*Exceptions overruled.*

*Margaret D. McGaughey* for the defendant.

*Kathleen M. Curry,* Assistant District Attorney, for the Commonwealth.