COMMONWEALTH *vs.* STEPHEN F. BLANEY.

Middlesex.    January 11, 1977. — February 10, 1977.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Constitutional Law,* Speedy trial.    *Practice, Criminal,* Speedy trial.

A delay of over twenty-nine months between the date of a defendant's arrest and the start of his trial was sufficient to trigger an examination of whether the defendant was denied his right to a speedy trial. [97-98]

A defendant who on two occasions filed pro se motions to dismiss the indictment against him for want of a speedy trial and who objected to the postponement of the trial date adequately asserted his right to a speedy trial. [98]

Where it appeared that a delay of twenty-nine months between a defendant's arrest and the start of his trial was a result of administrative neglect by the Commonwealth rather than an intentional attempt to frustrate the defense, the reasons for the delay provided only limited support for the defendant's claim that he was denied his constitutional right to a speedy trial. [98-99]

A delay of twenty-nine months between the date of a defendant's arrest and the start of his trial did not require dismissal of the indictment against him where the defendant failed to show he was prejudiced by the delay. [99-100]

INDICTMENT found and returned in the Superior Court on May 14, 1974.

Pre-trial motions were heard by *Ford,* J., and the case was tried before *Leen,* J.

The case was submitted on briefs.

*William J. Clary* for the defendant.

*John J. Droney,* District Attorney, *& James W. Saha-*

*kian*, Special Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant appeals under G. L. c. 278, §§ 33A-33G, from a conviction by a jury of unlawfully carrying a firearm. The defendant assigns as error the denial of his pre-trial motions to dismiss the indictment on the ground that he was denied the right to a speedy trial guaranteed to him under the United States Constitution.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." This right has been made applicable to the States by the Fourteenth Amendment. *Klopfer* v. *North Carolina*, 386 U. S. 213, 222-223 (1967). The right is engaged by "either a formal indictment or information or else the actual restraints imposed by arrest . . .. Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge." *United States* v. *Marion*, 404 U. S. 307, 320-321 (1971). In the instant case the defendant's right to a speedy trial attached on the day of his arrest. Contrast *Commonwealth* v. *Gove*, 366 Mass. 351, 359-361 (1974).

There are four basic factors to be considered in determining whether a defendant's right to a speedy trial has been abridged. These factors are the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker* v. *Wingo*, 407 U. S. 514, 530 (1972). See *Commonwealth* v. *Horne*, 362 Mass. 738, 741-742 (1973). We proceed to a discussion of these factors as they relate to the present case.

1. *Length of the delay.* The defendant was arrested on the present charge on September 9, 1973, while an escapee from the Massachusetts Correctional Institution, Norfolk. A probable cause hearing was held on April 22, 1974, and the present indictment was returned by a grand jury on May 14, 1974. The defendant was arraigned and pleaded not guilty on June 26, 1975; he also filed, pro se, a motion to dismiss the indictment at that time. On Oc-

tober 2, 1975, a second motion to dismiss, pro se, was filed. On October 2 and October 15, 1975, hearings were held on several motions filed by the defendant, including the motions to dismiss the indictment for want of a speedy trial. Counsel was appointed on October 10, 1975. The judge denied both motions to dismiss the indictment on October 15 and set a trial date of November 17, 1975. On November 17 the case was continued over the defendant's objection. The trial ultimately commenced on February 20, 1976. There was a delay of over twenty-nine months between the date of the defendant's arrest and the start of his trial. This is a sufficient length of time to "trigger" our examination of the other three factors mentioned in *Barker* v. *Wingo, supra.* See *Commonwealth* v. *Burhoe,* 3 Mass. App. Ct. 590, 592 (1975), and cases cited. See also *Commonwealth* v. *Gove,* 366 Mass. at 362, n. 13.

2. *The defendant's assertion of his right.*   The second factor we must consider in determining whether a defendant's right to speedy trial has been denied is whether the defendant has adequately asserted that right. The defendant in pro se motions filed on June 26 and October 2, 1975, moved to dismiss the indictment. The defendant's concern with the delay in bringing him to trial is also evidenced by his objection, noted above, to the postponement of the trial date. Contrast *Commonwealth* v. *Gilbert,* 366 Mass. 18, 21-23 (1974); *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 702-703 (1974). The defendant's failure to assert his right to a speedy trial prior to June 26, 1975, should not be weighed against him, as the defendant was not then represented by counsel, and there is nothing in the record to suggest when he became aware of his right.[1] *United States* v. *Butler,* 426 F. 2d 1275, 1278 (1st Cir. 1970), cert. den. 401 U. S. 978 (1971). *Commonwealth* v. *Steadman,* 1 Mass. App. Ct. 541, 544 (1973).

3. *Reasons for the delay.*   There was no finding made by the judge as to any reason for the delay. Our review

---

[1] We can, however, infer that he had become aware by the time he filed his first pro se motion to dismiss.

of the record reveals that most of the delay in this case was caused by neglect on the part of the Commonwealth. The Commonwealth even concedes that the most likely explanation for the delay of thirteen months between indictment and arraignment was "administrative inadvertence." Although the Commonwealth must bear the responsibility for this delay, a finding of administrative neglect does not weigh as heavily against the Commonwealth as would a finding of an intentional attempt by the prosecution to frustrate the defense. *Barker* v. *Wingo*, 407 U. S. at 531. *United States* v. *Cabral*, 475 F. 2d 715, 718 (1st Cir. 1973). *Commonwealth* v. *Burhoe, supra*, at 594. We conclude that the reasons for the delay provide only limited support for the defendant's constitutional claim. See *Commonwealth* v. *Burhoe, supra*, at 595 (delay in and of itself does not require dismissal). But see *Commonwealth* v. *Green*, 353 Mass. 687, 690 (1968).

4. *Prejudice to the defendant.* The final factor for our consideration is prejudice to the defendant. Although a lack of showing of prejudice is not, by itself, sufficient to warrant the denial of the defendant's speedy trial claim (*Moore* v. *Arizona*, 414 U. S. 25 [1973]), the absence of such prejudice is a very important factor. *Commonwealth* v. *Underwood*, 3 Mass. App. Ct. 522, 530 (1975).

Prejudice must be evaluated in the light of the interests the right to a speedy trial was designed to protect. *Barker* v. *Wingo*, 407 U. S. at 532. The Supreme Court of the United States has recognized three such interests: " (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* At the hearings on his motions for dismissal the defendant made no mention of (i) or (ii).[2] *Commonwealth* v. *Steadman, supra*, at 544. As the defendant has not raised either of those issues in his brief, we decline to consider either of

---

[2] It is appropriate to point out at this juncture that the record indicates that the defendant was remanded to prison during this period, apparently on the sentence he was serving at the time of his escape.

them. Finally, the defendant's failure to suggest how any of the defenses he might have had were impaired by the delay militates strongly against finding a violation of the defendant's right to a speedy trial.

To be sure, a delay sufficient to establish a deprivation of a defendant's right to a speedy trial may be shown despite the defendant's pre-trial incarceration on other grounds. See *Commonwealth* v. *Gove,* 366 Mass. at 357, and cases cited. A defendant may be able to demonstrate that he was denied opportunities for parole or rehabilitation because of the pendency of charges against him. See *Moore* v. *Arizona,* 414 U. S. 25, 27 (1973). A defendant may also be able to show that he would have been able to serve his sentences concurrently[3] were it not for the fact that the trial of some of the charges against him was unconstitutionally delayed. *Commonwealth* v. *Gove, supra,* at 364-365 (dictum). The defendant has made the latter contention in the instant case. On the facts in this record, however, we find this claim to be too speculative to be of any significant benefit to the defendant because he has not shown what sentence he would have received if he had been tried on the date of the arraignment or even on the day of the indictment.[4]

In conclusion, as the defendant has not demonstrated prejudicial delay sufficient to warrant dismissal (see *Commonwealth* v. *Gove,* 366 Mass. at 361), we hold that in these circumstances there was no error in the judge's denial of his motions to dismiss for want of a speedy trial.[5]

*Judgment affirmed.*

---

[3] In the instant situation, however, such a showing would have been unlikely, as the defendant could reasonably expect a sentence under G. L. c. 268, § 16, as in effect prior to St. 1973, c. 1062, § 1, which he would not begin to serve until after the expiration of the sentence he was serving at the time of his escape.

[4] We do recognize, however, that the prospect of an extension of sentence may subject an inmate to great anxiety and emotional stress. See *Strunk* v. *United States,* 412 U. S. 434, 439 (1973).

[5] The defendant's other assignment of error, not having been argued, is deemed waived. See Rule 1:13 of the Appeals Court, as amended effective February 27, 1975, 3 Mass. App. Ct. 801.