COMMONWEALTH *vs.* HAROLD L. JEFFERSON. July 24, 1978. 1. There was no error in the denial of the defendant's motion to dismiss the indictments on the ground that his constitutional right to a speedy trial was denied. Applying the familiar "balancing process" articulated in *Barker* v. *Wingo,* 407 U.S. 514, 530-533 (1972), we find that the interval of twenty-one and one-half months between arrest and trial is sufficient to trigger further inquiry. Compare *Commonwealth* v. *Campbell,* 5 Mass. App. Ct. 571, 581-582 (1977). Much of the delay is attributable to the Commonwealth, although the defendant concedes that some of the delay is attributable to his own requests for continuances. Other continuances were granted, according to the docket entries, "by agreement" of the parties. The defendant failed to object to any of the continuances and does not contend that the Commonwealth intentionally sought to delay his trial. Thus, while evidence that the Commonwealth did not intentionally delay the trial does not excuse the delay, the reasons for the delay should be weighed less heavily than in a case of an intentional prosecutorial attempt to frustrate the defense. *Commonwealth* v. *Burhoe,* 3 Mass. App. Ct. 590, 594 (1975). *Commonwealth* v. *Blaney,* 5 Mass. App. Ct. 96, 99 (1977). *Commonwealth* v. *Campbell, supra* at 582-583. More significant is the fact that the defendant failed to file the present motion to dismiss until the day before trial[1] which suggests that he had not diligently sought a speedy trial. Compare *Commonwealth* v. *Campbell, supra* at 583 & n.12, with *Commonwealth* v. *Beckett,* 373 Mass. 329, 333 (1977). Finally, the defendant has failed to show actual prejudice resulting from the delay; "[t]o prevail on the issue of prejudice . . . [a defendant] must demonstrate more than that a missing witness would have corroborated . . . [his] professed innocence." *Commonwealth* v. *Campbell, supra* at 584. See *Commonwealth* v. *Dabrieo,* 370 Mass. 728, 738 (1976); *Commonwealth* v. *Burhoe, supra* at 595; *Commonwealth* v. *Cooke,* 4 Mass. App. Ct. 775 (1976). See also *Commonwealth* v. *Anderson, ante* 492, 498 (1978). 2. There was no error in the judge's instruction that if, on the indictment charging unlawful possession of hypodermic needles and syringes (G. L. c. 94C, § 27),[2] the jury were to find that the defendant possessed the items, "it is incumbent upon the defendant to show that his possession is . . . [lawful]." An analogous situation was presented and decided adversely to the defendant in *Commonwealth* v. *Jones,*

---

[1] The defendant had filed an earlier motion to dismiss on unrelated grounds.

[2] The denial of the defendant's motion to suppress those items has not been argued on appeal.

372 Mass. 403 (1977). See *Commonwealth* v. *Obshatkin*, 2 Mass. App. Ct. 1, 3 (1974).

*Judgments affirmed.*
*Deborah Clark* (*John Leubsdorf* with her) for the defendant.
*Peter D. Feeherry*, Assistant District Attorney, for the Commonwealth.