Following a jury trial, the defendant was convicted of aggravated rape. He appeals, arguing that his right to a speedy trial was violated. We affirm.
Background. In 2010, evidence of deoxyribonucleic acid (DNA) linked the defendant to a 1998 case involving allegations of aggravated rape and armed assault with intent to murder.[2] ,[3] The parties agree that an arrest warrant issued for the defendant on those charges on September 2, 2010. The defendant was indicted as a youthful offender on December 28, 2010, and arraigned in the Juvenile Court on January 3, 2011.[4] See G. L. c. 119, § 54. The defendant then moved to dismiss the indictments for failure to hold a probable cause hearing, citing noncompliance with G. L. c. 119, § 72A.[5] On March 14, 2011, a judge in the Juvenile Court dismissed the case. The Commonwealth initially appealed the dismissal, but the appeal later was dismissed with prejudice.
While the appeal was pending, the Commonwealth sought a delinquency complaint in the Juvenile Court and, on January 23, 2012, the defendant was arraigned on one count of aggravated rape and one count of assault with intent to murder. On November 20 and December 14, 2012, in compliance with § 72A, a probable cause hearing was held. Probable cause was found; the case was dismissed and transferred "to Adult Court."[6]
On March 25, 2013, a grand jury returned indictments charging the defendant with one count of aggravated rape and one count of armed assault with intent to murder; an indictment warrant was issued and the defendant was arraigned on April 5, 2013. New counsel was then appointed and he represented the defendant until the final verdict. On November 7, 2013, the defendant filed a motion to dismiss the indictments on speedy trial grounds. That motion was denied on December 2, 2013, by the motion judge.
The defendant's first trial, in June, 2014, ended with the jury unable to reach a verdict on the indictment charging aggravated rape and the judge declared a mistrial on that charge; the defendant was acquitted of armed assault to murder. The defendant's second trial began on September 15, 2014, and, on September 18, 2014, he was convicted of aggravated rape; the aggravating circumstances were assault and battery by means of a dangerous weapon and acts resulting in serious bodily injury.
Discussion. The defendant argues very generally that his "right to a speedy trial" was violated. In so doing, it is not always completely clear whether he is basing his claim on a violation of Mass.R.Crim.P. 36, 378 Mass. 909 (1979), or on a violation of his constitutional rights under art. 11 of the Massachusetts Declaration of Rights and the Sixth Amendment to the United States Constitution. This is significant because the speedy trial analysis under rule 36"differs from the analysis applied to constitutional claims." Commonwealth v. Denehy, 466 Mass. 723, 735 n.18 (2014). Rule 36 is primarily a case management tool, although it "was also designed to 'quantify the time limits beyond which a defendant's speedy trial rights shall be deemed to have been denied,' and thus to facilitate defendants' constitutional right to a speedy trial." Commonwealth v. Taylor, 469 Mass. 516, 517 n.2 (2014), quoting from Reporter's Notes to Rule 36, Massachusetts Rules of Court, Rules of Criminal Procedure, at 235 (Thomson Reuters 2014). In any event, here, both claims fail.
1. Rule 36.[7] Under Mass.R.Crim.P. 36(c), the defendant must prove that "(1) the prosecutor was not reasonably diligent in bringing the defendant to trial, and (2) the prosecutor's lack of diligence caused prejudice to the defendant." Commonwealth v. Sigman, 41 Mass. App. Ct. 574, 580 (1996). "The prejudice that is relevant is the impairment of the defendant's case by reason of the delay." Commonwealth v. Lanigan, 419 Mass. 15, 20 (1994).
The defendant claims that the failure of the Commonwealth to hold a hearing in the Juvenile Court pursuant to G. L. c. 119, § 72A, on the 2010 youthful offender complaint, prolonged the delay of the trial, and prejudiced him by affecting his parole rights on another case. The gravamen of the argument appears to be that, in so doing, the Commonwealth acted in bad faith. We are not persuaded. Both now and at the time in question, G. L. c. 119, § 54, provides for what is known as a "youthful offender" proceeding. Specifically, the statute, as amended by St. 2013, c. 84, § 8,[8] stipulates that,
"The commonwealth may proceed ... by indictment ... if a person is alleged to have committed an offense against a law of the commonwealth while between the ages of fourteen and 18 which, if he were an adult, would be punishable by imprisonment in the state prison, and ... the offense involves the infliction or threat of serious bodily harm in violation of law."
Approximately one and one-half years after the indictment here, in Commonwealth v. Nanny, 462 Mass. 798, 806 (2012), the Supreme Judicial Court held that § 72 essentially trumps § 54 in the particular circumstance of a defendant who commits a crime as a juvenile between the ages of fourteen and seventeen and who is not apprehended until after his eighteenth birthday.[9] Contrary to the defendant's argument, we cannot say that a failure to anticipate that ruling compels a conclusion that the Commonwealth acted in bad faith by proceeding initially under § 54.
In addition, the defendant is unable to point to any real prejudice created by the resulting delay. In determining whether the pretrial delay has resulted in prejudice to a defendant, the judge assesses the interests that the right to a speedy trial was designed to protect, including limiting the possibility that the defense will be negatively affected, minimizing the defendant's anxiety, and preventing oppressive pretrial incarceration. See Commonwealth v. Blaney, 5 Mass. App. Ct. 96, 99 (1977). The defendant appears to suggest that, if the Commonwealth had proceeded with a § 72A hearing on the first indictments, his case would have been resolved before he became parole eligible on another matter, presumably the case in the Chelsea Division of the District Court Department. That argument is wholly speculative. As the Commonwealth argues, regardless of whether the aggravated rape charge was pending at the time of the parole hearing or resolved with a conviction, the fact of the accusation would have been available to the parole board.
The defendant makes no claim that witnesses became unavailable during the delay or that other evidence was lost. Where there is no evidence presented to the contrary, we consider that "all elements essential for a fair trial were available and any impairment to the defense is speculative at best." Commonwealth v. Butler, 464 Mass. 706, 718 (2013).
Finally, the defendant also complains about the length of time that he was incarcerated while awaiting trial. However, given that the defendant does not assert any impairment to his case by reason of the delay, that argument alone is insufficient. We also note that the defendant received credit in his sentence for the time he spent incarcerated and awaiting trial.[10]
2. Constitutional right to a speedy trial. The defendant's constitutional claim fares no better. In Lanigan, 419 Mass. at 18, the Supreme Judicial Court followed the teaching of the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 530-533 (1972), by specifying the factors a judge must consider in determining if a defendant's right to a speedy trial has been denied. These factors include "the length of the delay, the reasons for it, the extent of the defendant's assertion of his right to a speedy trial, and the prejudice, if any, to the defendant." Lanigan, supra. The analysis requires a balancing test, weighing "the conduct of both the prosecution and the defendant." Barker, supra at 530.
A. Length of the delay. Under the required constitutional calculation (in contrast to the rule 36 calculation), the speedy trial clock began on September 2, 2010 (when the first complaint issued in the Juvenile Court), and stopped on March 14, 2011, when the first case was dismissed, totaling 193 days. See Butler, 464 Mass. at 712. The clock then resumed on January 20, 2012, when the complaint was reissued in the Juvenile Court, and then stopped again on June 2, 2014, the date of the defendant's first trial, totaling another 864 days. In total, the defendant's time spent awaiting trial amounted to 1,057 days, or 34.7 months. This figure is considerably below those held not to violate the Sixth Amendment. See, e.g., Commonwealth v. Look, 379 Mass. 893, 898 (1980) (delay of more than four years); Lanigan, 419 Mass. at 18 (delay of fifty-three months); Butler, supra at 714, 719 (delay of more than ten and one-half years); Commonwealth v. Malone, 65 Mass. App. Ct. 285, 288 (2005) (delay of nine years). Accordingly, this factor weighs against the defendant.[11]
B. Reason for the delay. The defendant asserts bad faith by the prosecution as reason for the delay, contending that the Commonwealth was acting intentionally to gain tactical advantage. He points to the facts that there were several arraignments and indictments, the dismissal was appealed, and there were multiple continuances, as proof that the reason for the delay was to keep him in jail, thereby causing prejudice to his constitutional rights. In fact, the record shows that the Commonwealth proceeded relatively expeditiously in prosecuting a case of this age, complexity, and seriousness. The fact that, as the defendant conceded, the rule 36(b) clock had not yet run is some evidence of that.
Specifically, the case was dismissed on the defendant's motion approximately two and one-half months after he was first arraigned on the youthful offender indictments. While the appeal for that dismissal was pending, the Commonwealth sought a delinquency complaint in the Juvenile Court. Thereafter, the defendant was represented by three different attorneys before his probable cause hearing; the judge found probable cause on December 14, 2012.
In Superior Court, various motions were litigated, including the Commonwealth's motion for a buccal swab, the defendant's motion to dismiss (on grounds not specified on the docket sheet), a motion "re: statute of limitation," and various motions for funds and for discovery, in addition to pretrial motions in limine. Finally, as noted, the defendant filed a motion to dismiss on speedy trial grounds on November 7, 2013. The first trial date of March 20, 2014, was canceled at the request of both parties. Moreover, the record here shows no indication of intentional delay or bad faith by the prosecutor. This factor weighs against the defendant.
C. Assertion of speedy trial rights. It is the responsibility of a defendant to assert his speedy trial right, and if he does so timely, the assertion is given "strong evidentiary weight" in this analysis. Look, 379 Mass. at 900 (citation omitted). Here, the defendant did not assert his speedy trial right until he filed his motion to dismiss on November 7, 2013, more than three years after the first complaint issued, and almost one year after the complaint reissued.[12] According to the record, he did not raise the issue again. In addition, the record before us, including various docket sheets from the Juvenile and Superior Courts, does not show a single instance where the defendant objected to a continuance. "A failure to object to a continuance or other delay constitutes acquiescence." Commonwealth v. Tanner, 417 Mass. 1, 3 (1994). See Barry v. Commonwealth, 390 Mass. 285, 298 (1983). This factor does not assist the defendant.
D. Prejudice to the defendant. Courts have long recognized that the prejudice prong is the most determinative of the Barker factors. See Lanigan, 419 Mass. at 19. Here, the defendant's argument on prejudice concerns only his length of incarceration. "Although a lack of showing of prejudice is not, by itself, sufficient to warrant the denial of the defendant's speedy trial claim ..., the absence of such prejudice is a very important factor." Blaney, 5 Mass. App. Ct. at 99. Again, as with our analysis under rule 36(c), "[t]he prejudice that is relevant is the impairment of the defendant's case by reason of the delay." Lanigan, supra at 20. It follows, then, that the defendant's inability for purposes of rule 36(c) to show any prejudice other than incarceration and potential failure to obtain parole also demonstrates insufficient prejudice for purposes of his constitutional right to a speedy trial.
As each of the four Barker factors weigh against the defendant, his claim that his constitutional right to a speedy trial was violated also fails. We are satisfied that his motion to dismiss was properly denied.
Judgment affirmed.

At the trial, there was evidence that, in September, 1998, the victim, a college student, attended a party at an apartment in the Dorchester section of Boston. She left the party alone, late in the evening, and encountered a group of men, two of whom she recognized from the party. When they invited her "back to their house," she began to accompany them to another apartment building. As she was following them up the stairs in the building, one of the men turned and began to hit her repeatedly. She fell down the stairs and, at the bottom of the stairwell, the man raped her vaginally and then cut her throat. After he left, she called for assistance to people passing by. Emergency medical personnel responded and she was transported to a hospital and treated for more than twenty stab wounds. Forensic evidence was also recovered.

On November 3, 2010, the defendant was sentenced in the Chelsea Division of the District Court Department, on an unrelated case, to two and one-half years in the house of correction.

The indictments alleged that the defendant "at the time of the commission of the offense[s] ... charged ... was between fourteen and seventeen years of age." At sentencing, the defendant's counsel told the judge that the defendant was fifteen years old at the time of the crime.

"Pursuant to § 72A, ... the Juvenile Court has jurisdiction over alleged juvenile offenders who are not apprehended until after they have reached the age of eighteen. Section 72A sets forth a two-tiered inquiry for a judge to undertake. First, the judge must determine whether there is probable cause to believe that the defendant committed the offenses charged.... See Commonwealth v. Porges, 460 Mass. 525, 528, 952 (2011). If there has been a finding of probable cause, the judge either may order the defendant discharged, if discharge is consistent with the protection of the public, or dismiss the case, if the public interest requires that the defendant be tried. If a criminal complaint is issued, the case then proceeds in accordance with the ordinary course of criminal proceedings, G. L. c. 218, § 30, and G. L. c. 278, § 18, to the criminal session of a District or Superior Court." Commonwealth v. Nanny, 462 Mass. 798, 799 (2012).

Between January 23, 2012, when the defendant was arraigned in Juvenile Court and February 8, 2013, when the case was dismissed and transferred, three different lawyers were appointed to represent the defendant; each of the first two withdrew after a period of time and was replaced. The docket does not indicate a reason for the withdrawals.

The defendant does not argue that his rights under rule 36(b) were violated; nor did he do so in his motion to dismiss. Rule 36(b), provides that a defendant shall be brought to trial within twelve months "after the return day in the court in which the case is awaiting trial." In his memorandum of law in support of his motion to dismiss, under the heading, "The Commonwealth has not failed to bring the case to trial within one year of the defendant's return date in court, less excludable time," the defendant conceded that "a total [of] 225 [days] should count towards the speedy trial rights."

The 2013 amendment changed the age range from fourteen to seventeen years old to the present range of fourteen to eighteen years old.

"Its legislative history makes clear that § 54 was fashioned as a response to violent offenses committed by juveniles and mandated harsher punishments for those juveniles. Section 72A on the other hand, ... was created to address the circumstance in which a juvenile offender has 'aged out' of the Juvenile Court's jurisdiction and further, grants judicial discretion whether the prosecution may proceed altogether. The text and legislative history of § 54 does not demonstrate any clear or deliberate attempt to address the unique problem of 'aging out' of Juvenile Court jurisdiction. Therefore, we conclude that grand jury proceedings are not an adequate substitute for a § 72A transfer hearing." Nanny, supra.

The defendant was arraigned on January 23, 2012, and bail was set in the amount of $500,000 cash.

Even were we to include all of the time between the date that the first complaint issued on September 2, 2010, and the beginning of the second trial, on September 15, 2014, the defendant would fare no better.

The motion judge noted, "I do not believe that his constitutional rights have been violated. In particular it does not seem that, until now, Mr. Carr has actively asserted his right to a prompt resolution of his case."