COMMONWEALTH *vs.* GEORGE A. THOMAS.

Bristol. December 4, 1967. — December 29, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Constitutional Law*, Speedy trial. *Practice, Criminal*, Speedy trial, Continuance, Nolle prosequi. *Prosecutor.*

The defendant in an indictment was denied his constitutional right to a speedy trial and the indictment must be dismissed where it appeared that there had been a complaint in a District Court for the same alleged offence, which was within the jurisdiction of that court, that at the time set for trial in that court the defendant appeared prepared for trial and objected to a thirty day continuance requested by an assistant district attorney without stating any reason therefor, that the continuance was denied, whereupon the assistant district attorney entered a nolle prosequi without assigning any reason for it as required by G. L. c. 277, § 70A, and that subsequently the matter was presented to the grand jury by the district attorney and the indictment was returned.

INDICTMENT found and returned in the Superior Court on June 5, 1967.

There was a report by *Smith*, J.

*Roger F. Sullivan*, Assistant District Attorney, for the Commonwealth.

*James Seligman* for the defendant.

SPIEGEL, J. This case is here on an interlocutory report from the Superior Court. The defendant was arrested and arraigned in the Second District Court of Bristol County

on March 9, 1967, on a complaint charging him with breaking and entering in the daytime under G. L. (Ter. Ed.) c. 266, § 18. The District Court had jurisdiction of the case under G. L. c. 218, § 26. The defendant pleaded not guilty and the case was continued to April 7, 1967. On that date, the defendant appeared in the District Court with his attorney and witnesses, prepared for trial. The assistant district attorney requested a thirty day continuance, for which he gave no reason. The defendant objected, and the judge refused to grant the continuance, "whereupon the Assistant District Attorney refused to continue with the case, without assigning any reason therefor. He immediately endorsed the complaint with the words 'April 7, 1967, the within complaint is nol prossed. . . .' No reason was assigned for the filing of the nolle prosequi as required by G. L. c. 277, § 70A." Subsequently, the district attorney presented the case to the grand jury, who returned the present indictment. "Upon his arraignment in the Superior Court, the defendant pleaded not guilty and was granted leave to present a motion to dismiss [the indictment]."

The judge ruled "that the so-called nol pros was a nullity and of no legal effect in that no reasons for it were set forth, as required by G. L. (Ter. Ed.) c. 277, § 70A"; that "the defendant, having been present in the District Court with his attorney and witnesses, was entitled to a trial as a result of which he might have been found innocent of the charge had the Court assumed jurisdiction, or a finding of no probable cause to send the case to the Grand Jury"; and that "in the circumstances here disclosed, the defendant was unduly harassed, denied his [c]onstitutional right to a speedy trial, to which he was entitled, and that the indictment should be dismissed." The judge then reported "the questions here involved to the Supreme Judicial Court as interlocutory matters," under G. L. c. 278, § 30A.

We consider the question whether the defendant "in the circumstances here disclosed" was "denied his [c]onstitutional right to a speedy trial . . . and [therefore] . . . the indictment should be dismissed."

The right of a criminal defendant to a speedy trial is guaranteed by art. 11 of the Declaration of Rights. *Commonwealth* v. *Hanley,* 337 Mass. 384, 387. It is likewise guaranteed by the Sixth Amendment to the Constitution of the United States, said in the case of *Klopfer* v. *North Carolina,* 386 U. S. 213, 222, to be applicable to the States under the Fourteenth Amendment. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." *Beavers* v. *Haubert,* 198 U. S. 77, 87. However, "[t]he delay must not be purposeful or oppressive." *Pollard* v. *United States,* 352 U. S. 354, 361. And "[w]hen a person charged with [a] crime is willing to proceed . . . to trial, no delay on the part of the prosecution is reasonable, except only that which is necessary for proper preparation and to secure the attendance of witnesses." 1 Cooley, Constitutional Limitations (8th ed.) p. 646.

In the instant case, the assistant district attorney did not deign to state a reason in justification for delaying the trial. The reason for the "nol pross," of course, was obvious. He sought to compel the District Court judge to continue the case for thirty days, in the face of G. L. c. 276, § 35, prohibiting the granting of delays in excess of "ten days at any one time against the objection of the defendant."

Four factors are generally held to be relevant in considering a claim of denial of a speedy trial: the length of delay, the reason for the delay, the prejudice to the defendant, and waiver by the defendant. *United States ex rel. Von Cseh* v. *Fay,* 313 F. 2d 620, 623 (2d Cir.). *United States* v. *Simmons,* 338 F. 2d 804, 807 (2d Cir.). See Note, 57 Col. L. Rev. 846, 861–863. Certainly the defendant did not waive a speedy trial; he appeared ready for trial, and objected to the initial motion for a continuance. When he appeared in the District Court, he was entitled to a trial which might have resulted in a finding of not guilty, or in a finding of no probable cause. He was entitled to a speedy trial which would "insure that means of proving his innocence . . . [would] be within his reach by minimizing the possibility

of witnesses becoming unavailable and their memories dulled," and which might "relieve him of anxiety and public suspicion attendant upon an untried accusation." *Commonwealth* v. *Hanley*, 337 Mass. 384, 387. We are of opinion that in the circumstances of the instant case the judge could well conclude that the defendant was denied his constitutional right to a speedy trial.

The foregoing discussion is dispositive of the case and therefore there is no need for us to answer the other questions reported. Nevertheless, we feel impelled to comment briefly upon the actions of the assistant district attorney.

It is regrettable that a prosecutor should interpret the power of his office so as to set himself up as an appellate authority to overrule the decision of a judge. In effect, what the prosecutor did was tantamount to saying to the judge, "Either you grant the continuance I request or I will take the case out of your hands." This was an act of effrontery. Taken in conjunction with the crowded docket in the Superior Court it was hardly conducive to inspire in the public respect for our District Courts or confidence in the administration of justice. It is an action to be deplored and which we expect will not be repeated.

The question whether the judge properly ruled "that, in the circumstances here disclosed, the defendant was unduly harassed, denied his [c]onstitutional right to a speedy trial . . . , and that the indictment should be dismissed" is answered in the affirmative.

*So ordered.*