COMMONWEALTH *vs.* KEVIN B. BOYER. October 24, 1978. The defend-
ant was arraigned in a District Court and released on personal recog-
nizance on several complaints including assault and battery by means
of a dangerous weapon, a motor vehicle. On the appointed day the
defendant appeared with counsel ready for trial; but the Common-
wealth was granted a continuance in excess of the ten-day limitation
imposed by G. L. c. 276, § 35. During the continuance the defendant
was indicted on the same charges and arrested. He was released on the
following day on personal recognizance. For the reasons stated in his
findings of fact and rulings of law, there was no error in the Superior
Court judge's denial of the defendant's motion to dismiss the indict-
ments based upon the defendant's assertion that his constitutional
right to a speedy trial had been denied (in violation of art. 11 of the
Declaration of Rights and the Sixth Amendment to the Constitution
of the United States made applicable to the States by the Fourteenth
Amendment) by the grant of a continuance to the Commonwealth in
excess of the limitation imposed by § 35. Dismissal does not occur as

a matter of right where the time limitation of that section is violated even though, as here, a continuance in excess of that limitation triggers an examination as to whether the delay was excusable and whether the defendant was prejudiced thereby. *Commonwealth* v. *Ludwig*, 370 Mass. 31, 34 n.1 (1976). The judge's findings support his conclusion that there were adequate reasons for the continuance (*Barker* v. *Wingo*, 407 U.S. 514, 531 [1972]; contrast *Commonwealth* v. *Thomas*, 353 Mass. 429 [1967]), and the defendant's night in jail did not warrant dismissal of the indictments. *United States* v. *Gorthy*, 550 F.2d 1051, 1054 (5th Cir. 1977).

*Judgments affirmed.*

*Roy H. Anderson* for the defendant.
*William W. Teahan, Jr.,* Special Assistant District Attorney (*William E. Fallon* with him) for the Commonwealth.