COMMONWEALTH vs. DENNIS M. CONANT.

Plymouth. February 17, 1981. — July 24, 1981.

Present: GREANEY, ROSE, & DREBEN, JJ.

*Constitutional Law*, Speedy trial.

The defendant in a criminal case failed to demonstrate that his constitutional right to a speedy trial had been abridged either by a continuance of less than two months granted on the Commonwealth's motion and in violation of G. L. c. 276, § 35, or by a delay of less than one and one-half months between a finding of "no probable cause" on certain complaints and his indictment on a charge arising out of the same incident, in the absence of a showing that either delay was prejudicial to him or an attempt to frustrate the defense. [289-291]

INDICTMENT found and returned in the Superior Court Department on April 25, 1979.

A pretrial motion to dismiss was heard by *Sgarzi, J.*, and the case was tried before *Meyer, J.*

*Michael P. Mack* for the defendant.

*William C. O'Malley*, District Attorney, *& Robert M. Payton*, Assistant District Attorney, for the Commonwealth, submitted a brief.

ROSE, J. Following the denial of the defendant's motion to dismiss filed in the Superior Court,[1] a jury trial was held on March 17-19, 1980, and the defendant was convicted of assault and battery. He argues on appeal that he was denied a speedy trial, a right guaranteed to him by both the United States and the Massachusetts Constitutions.

---

[1] The defendant's application, filed on August 1, 1979, to the Supreme Judicial Court for extraordinary relief pursuant to G. L. c. 211, § 3, was denied on February 29, 1980, without prejudice to his right to proceed with appellate review of the action in the event of conviction.

The facts relevant to this issue may be summarized as follows: Two complaints, each charging the defendant with assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A) arising out of an incident that occurred on August 11, 1978, were issued by the assistant clerk of a District Court on August 21, 1978. Although a warrant for his arrest was issued on the same date, the defendant was never served, and he voluntarily surrendered himself, was arraigned and released on his own recognizance on October 9, 1978. At the defendant's request, the case was continued until January 19, 1979, at which time the defendant was prepared to go forward, but the Commonwealth moved for a continuance because not all its witnesses were present and the codefendant was not represented by counsel. Over the defendant's objection and contrary to the directive of G. L. c. 276, § 35, providing that the trial judge may adjourn an examination or trial "not exceeding ten days at any one time against the objection of the defendant," the judge granted a continuance until March 13, 1979, because the codefendant was unrepresented by counsel and because Commonwealth witnesses were not present. At the March 13, 1979, hearing, because of inadequacy of proof on the dangerous weapon aspect of the complaints, the Commonwealth moved to reduce the complaints to a single charge of assault and battery under G. L. c. 265, § 13A. The defendant objected to the reduction, and the judge ordered that a finding of "no probable cause" be entered on each of the complaints and that the defendant be discharged. On April 25, 1979, the defendant was indicted on a single count of assault and battery by means of a dangerous weapon arising out of the same incident. He was arraigned on May 16, 1979, released on personal recognizance, and given twenty days to file special pleadings pursuant to G. L. c. 277, § 47A, as then in effect. On June 4, 1979, the defendant filed a motion to dismiss, claiming that he had been denied a speedy trial and due process. Following the submission of affidavits and exhibits in support of the motion and an oral stipulation that the facts as set out

were not in dispute, the judge, on July 23, 1979, denied the motion.

The defendant's right to a speedy trial attached when the complaints were issued. *United States* v. *Marion*, 404 U.S. 307, 313 (1971). *Commonwealth* v. *Horan*, 360 Mass. 739, 740-741 (1972). Once the right has attached, one must consider the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant," *Barker* v. *Wingo*, 407 U.S. 514, 530 (1972), in order to determine whether the right has been abridged. *Commonwealth* v. *Gove*, 366 Mass. 351, 361 (1974). *Commonwealth* v. *Burhoe*, 3 Mass. App. Ct. 590, 591 (1975).

The defendant relies primarily on *Commonwealth* v. *Ludwig*, 370 Mass. 31, 33-34 & n.1 (1976), to argue that a violation of G. L. c. 276, § 35, presumptively establishes undue delay, the defendant's assertion of the right to a speedy trial, and prejudice to the defendant. The delay which occurred here, the defendant's argument continues, was unjustifiable because it was a deliberate attempt to circumvent the probable cause forum in order to obtain a direct indictment, thus depriving the defendant of discovery and a speedy disposition of the charge.[2] The argument goes too far, both legally and on the facts of the defendant's case.[3]

An objection to a continuance in excess of the ten-day limitation (as the defendant correctly argues) presumptively establishes an undue delay and the defendant's assertion of

---

[2] We are unpersuaded by the defendant's other argument, unsupported by authority or the facts of the record, that the Commonwealth deprived him of an opportunity to reach accord and satisfaction with the victim under G. L. c. 276, § 55.

[3] We note that a finding of no probable cause does not preclude further prosecution for the same offense. *Commonwealth* v. *Mahoney*, 311 Mass. 510, 511-512. *Burke* v. *Commonwealth*, 373 Mass. 157, 159 (1977). The Commonwealth has the right to proceed either by direct indictment or through the probable cause forum. See *Commonwealth* v. *Spann*, 383 Mass. 142, 145 (1981); *Commonwealth* v. *Xiarhos*, 2 Mass. App. Ct. 225, 229 (1974).

his right, and "triggers an examination as to whether the delay was excusable and whether the defendant was prejudiced thereby." *Commonwealth* v. *Silva*, 10 Mass. App. Ct. 784, 789 (1980), quoting from *Commonwealth* v. *Boyer*, 6 Mass. App. Ct. 938, 939 (1978). See *Commonwealth* v. *Fields*, 371 Mass. 274, 279 (1976). We examine, therefore, the reasons for the delay and whether the defendant was prejudiced thereby. Two delays during the course of the nineteen-month span from the issuance of the original complaints to the defendant's conviction appear to be attributable to the Commonwealth: (1) the continuance allowed the Commonwealth from January 19 to March 13, 1979, and (2) the period between the District Court judge's finding of no probable cause on March 13, 1979, and the grand jury indictment on April 24, 1979.[4] The defendant's only argument in support of his bald assertion that the reason for these delays was a deliberate attempt to frustrate the defense is that the Commonwealth chose not to use the probable cause forum and obtained a direct indictment. This procedure is entirely proper. See note 3, *supra*. There is no evidence that either of the delays was a deliberate attempt to frustrate the defense. See *Commonwealth* v. *Burhoe*, 3 Mass. App. Ct. at 594. Although delays are not excusable merely because they are unintentional, such delays are to be weighed less heavily than prosecutorial attempt to frustrate the defense. *Barker* v. *Wingo*, 407 U.S. 514, 531 (1972). *Commonwealth* v. *Burhoe, supra*. See *Commonwealth* v. *Gove*, 366 Mass. at 362. "Absent a demonstration of culpability on the part of the Commonwealth in delaying the trial, 'the burden . . . [is] on the defendant to show that the government unreasonably caused a prejudicial delay.'" *Commonwealth* v. *Jackson*, 3 Mass. App. Ct. 511, 517 (1975), quoting from *Commonwealth* v. *Gilbert*,

---

[4] As the record is silent as to the reasons for the delay between the issuance of the complaints (August 14, 1978) and the defendant's voluntary surrender on October 9, 1978, we cannot conclude that that delay was attributable to the Commonwealth.

366 Mass. 18, 22 (1974). The first delay, the period be-
tween January 19, 1979, and March 13, 1979, was reasona-
bly necessary for the Commonwealth to secure its witnesses
and for the codefendant to obtain counsel.[5] Both are valid
reasons serving to justify "appropriate delay," *Barker* v.
*Wingo*, 407 U.S. at 531, and we hold that a delay of less
than two months in such circumstances was not such a delay
as to deprive the defendant of his constitutional right to a
speedy trial. Contrast *Commonwealth* v. *Thomas*, 353
Mass. 429 (1967). The defendant has failed to show that
the second delay noted above (the period between the find-
ing of no probable cause and the grand jury indictment), ex-
tending less than one and one-half months, was prejudicial.

In his brief, the defendant argues that he was prejudiced
because the witnesses' memories were "not as good" as they
were immediately following the incident and that he and
his family had suffered anxiety from the fear of his incarcer-
ation. Prior to the denial of his motion to dismiss in the
Superior Court, the defendant had submitted affidavits
from four potential witnesses, each of whom claimed that
his or her memory had diminished since the incident. We
can infer from the denial of the defendant's motion that the
motion judge attached little if any significance to those af-
fidavits. In any event, we note that the four affiants
testified at length concerning their observations of the inci-
dent. The defendant's claim that the delay itself caused
him and his family undue anxiety is unsupported by the
evidence and thus remains too speculative to be of benefit to
the defendant. See *Commonwealth* v. *Jones*, 6 Mass. App.
Ct. 750, 757 (1978).

We conclude that the defendant was not denied his right
to a speedy trial.

*Judgment affirmed.*

---

[5] We note that the defendant did not move to sever his case.