COMMONWEALTH *vs.* ANDREAS HINTERLEITNER
(and a companion case[1]).

Middlesex. November 9, 1983. — April 17, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Practice, Criminal,* Nolle prosequi, Dismissal. *District Attorney.*

Action by a prosecutor, immediately prior to the time set for a District Court
probable cause hearing, and following the judge's denial of a continuance
of the hearing, in deciding to nol pros criminal complaints charging two
defendants with an offense over which the District Court did not have
jurisdiction, was, in the circumstances, neither an abuse of prosecutorial
power nor an affront to the court of a nature that would preclude trial
of the defendants in the Superior Court on indictments thereafter returned,
where there was no showing of delay or other prejudice to the defendants,
or of any attempt by the prosecutor to intrude on the prerogatives of the
District Court judge. [681-684]

INDICTMENTS found and returned in the Superior Court De-
partment on February 10, 1982.

A motion to dismiss was heard by *Forte,* J., a District Court
judge sitting under statutory authority, and a question of law
was reported by him to the Appeals Court. The Supreme Ju-
dicial Court ordered direct review on its own initiative.

*John M. Russell, Jr.,* for George L. Abbott, Jr.

*David M. Skeels* for Andreas Hinterleitner.

*Kevin J. Ross,* Assistant District Attorney, for the Common-
wealth.

O'CONNOR, J. The defendants, Andreas Hinterleitner and
George L. Abbott, Jr., were indicted on February 10, 1982,
for the armed robbery of Edward Munsey and Elizabeth Rice
on January 25, 1982. Thereafter, the defendant Hinterleitner

---

[1] Commonwealth *vs.* George L. Abbott, Jr.

moved to dismiss the indictment in two counts against him on the ground that the assistant district attorney's decision to nol pros the case in a District Court on February 9, 1982, denied him his right to a speedy trial and constituted an abuse of prosecutorial power. Defendant Abbott moved to dismiss the indictment in two counts against him also. He claimed that he was denied his right to a speedy hearing in the District Court, and that the conduct of the prosecutor constituted an affront to the court and an abuse of prosecutorial power. After a hearing, a judge of the District Court, sitting in the Superior Court under statutory authority, issued his "Findings and Report," which contained a recitation of facts, most of which had been stipulated by the parties, and a question based thereon that he reported to the Appeals Court. We transferred the cases to this court on our own motion.

The judge found as follows: Hinterleitner was arrested and on February 1, 1982, he was arraigned in the District Court on a complaint of armed robbery alleged to have taken place on January 25, 1982. Abbott was arrested on February 3, 1982, and was arraigned in the same court on a similar complaint. After the defendants were arraigned, the cases were continued to February 9, 1982, for a probable cause hearing. On February 9, 1982, at approximately 9:30 A.M., the assistant district attorney and the Commonwealth's witnesses appeared at the District Court for the hearing. At that time, the assistant district attorney stated that the Commonwealth was ready to go forward. However, by 11:30 A.M., when the cases were reached, the assistant district attorney had been informed by his office of the approval of these cases for direct indictments. The assistant district attorney then requested a continuance of the probable cause hearing for the purpose of seeking direct indictments. The defendants objected. A judge of the District Court denied the Commonwealth's request and ordered the Commonwealth to proceed with the probable cause hearing. The assistant district attorney then notified the judge that he was nol prossing the complaints on the ground that the district attorney that day had approved the seeking of direct indictments. The defendants countered by filing motions for an immediate hear-

ing or a dismissal for lack of a speedy trial. The judge took no action on the defendant's motions, however, because the complaints had been nol prossed. The defendants were discharged that day. On the following day, February 10, 1982, they were indicted, and thereafter they filed motions to dismiss before a judge in the Superior Court.

The judge also found that "none of the factors identified in *Barker* v. *Wingo*, 407 U.S. 514 (1972),[2] exist to the detriment. of the defendants," that "the filing of the indictments and the arraignments in the Superior Court Department probably occurred sooner than if a probable cause hearing had taken place on February 9, 1982," and that the assistant district attorney's actions caused "no prejudice to the defendants except insofar that there was no probable cause hearing for discovery."

The judge reported to the Appeals Court the question whether, in the circumstances recited by him in his findings and report, the assistant district attorney's nol prossing of the complaints in the District Court constituted such an affront to the court as to require dismissal of the indictments.[3] He stated that the question was prompted by language in *Commonwealth* v. *Thomas,* 353 Mass. 429, 432 (1967), and *Commonwealth* v. *Raposa,* 386 Mass. 666, 669 n.8 (1982). We answer the reported question, "No."

In *Commonwealth* v. *Thomas, supra,* the defendant was arraigned in a District Court on March 9, 1967, on a complaint charging him under G. L. c. 266, § 18, with breaking and

---

[2] In *Barker* v. *Wingo, supra* at 530, the United States Supreme Court stated that the four factors to be considered in any speedy trial case under the United States Constitution are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."

[3] The reported question was as follows: "When all parties and witnesses are prepared to go forward on a probable cause hearing on a criminal matter over which the District Courts do not have jurisdiction (except for a probable cause hearing) after the Judge denies the Commonwealth's request for a continuance based solely on the District Attorney's approval to obtain a direct indictment and after the Judge orders the Commonwealth to proceed with the hearing, rather than proceeding, the Assistant District Attorney files a nolle prosequi, is said action such effrontery to the Court to require a dismissal of the indictments?"

entering in the daytime. The District Court had jurisdiction under G. L. c. 218, § 26. The case was continued to April 7, 1967, and on that date the defendant appeared in court with his attorney and witnesses ready for trial. The assistant district attorney requested a thirty-day continuance for which he gave no reason. The judge denied his request and the assistant district attorney nol prossed the complaint, assigning no reason therefor, contrary to the requirements of G. L. c. 277, § 70A. The defendant was subsequently indicted, and a judge of the Superior Court, having concluded that the defendant had been unduly harassed and that his constitutional right to a speedy trial had been violated, granted the defendant's motion to dismiss. We held that the judge was warranted in concluding that the defendant's right to a speedy trial had been violated, and we affirmed the judgment of dismissal on that ground. *Id.* at 432. In addition, we felt "impelled" to criticize the actions of the assistant district attorney for effectively saying to the judge, "Either you grant the continuance I request or I will take the case out of your hands." *Id.*

There is a significant difference between *Commonwealth* v. *Thomas, supra,* and the present situation. In both matters the prosecutors used their nol pros power, *Commonwealth* v. *Brandano,* 359 Mass. 332, 335 (1971), *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 489, 537-538 (1921), and in both matters the prosecutors thereafter proceeded by indictment, which ordinarily is not barred by the nol pros of a complaint. *Commonwealth* v. *Jones,* 9 Mass. App. Ct. 103, 112 (1980), aff'd in part, and rev'd in part, *S.C.* 382 Mass. 387 (1981). Contrast *Commonwealth* v. *Benton,* 356 Mass. 447, 449 (1969). However, in *Thomas,* the prosecutor misused his power, first, by threatening to exercise it in order to force the judge to grant a continuance to which the Commonwealth was not entitled, and then, by carrying out that threat. The prosecutor's power was not used for a legitimate purpose. In contrast, there was no threat here. There was no attempt by the assistant district attorney to use the power of his office to force the judge to grant a continuance. For all that appears, the decision to proceed by indictment was a proper exercise of the prosecutor's

discretion and was made independently of any desire to intrude on the prerogatives of the judge. For all that appears, the decision to nol pros was a natural consequence of that decision. Furthermore, we do not interpret the judge's order to proceed with the probable cause hearing as having been intended to preclude an exercise of the nol pros power. Such an order would have been inappropriate. See *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 18-19 (1923). The reasoning of the judge appears only to have been that if the complaints were to remain alive the probable cause hearing would have to proceed as scheduled. The conduct of the assistant district attorney, therefore, was not an affront to the court, as it was in *Commonwealth* v. *Thomas, supra.*

Even if the assistant district attorney had affronted the judge in this case, it does not necessarily follow from *Thomas* that dismissal of the indictments would be a required, or even an appropriate, sanction. We affirmed the dismissal of the complaint in the *Thomas* case, not because the judge had been affronted, although we recognized that and criticized it, but because the same conduct that constituted the affront also resulted in a violation of the defendant's constitutional right to a speedy trial.

In *Commonwealth* v. *Silva,* 10 Mass. App. Ct. 784 (1980), a District Court judge dismissed a complaint because of the Commonwealth's repeated and unexplained failure to comply with discovery orders, resulting in the denial of constitutional speedy trial rights. *Id.* at 785-786. The defendant was subsequently indicted for the same crime, and a judge of the Superior Court denied the defendant's motion to dismiss the indictment. *Id.* at 786-787. The Appeals Court reversed, because the prosecutor's conduct "impermissibly encroached on a constitutional right," and because "it is essential that the District Court have the power to enforce any of its orders which are reasonably designed to provide the means for intelligent consideration of probable cause and to speed that part of the process along." *Id.* at 791. Violation of the defendant's constitutional right to a speedy trial was essential to our holding in *Thomas,* and it may have been essential to the holding of the

Appeals Court in *Silva*. In the present situation the judge in the Superior Court has found that that conduct did not violate rights of the defendants to a speedy trial.

The reported question was prompted not only by language in *Thomas*, but also by n.8 in *Commonwealth* v. *Raposa, supra*. In *Raposa*, we said that "[w]e would not look with favor . . . on a prosecutor's deliberate obstruction of the criminal process and waste of judicial resources by waiting until the day of trial in the District Court to seek indictments." *Id.* That language does not apply to the facts of the present cases. Only nine days elapsed between the arrest of Hinterleitner and his indictment, and there were but seven days between the arrest and indictment of Abbott. Although it would have been better if the decision to seek direct indictments had been made before the date of the scheduled hearing, the record does not show that the prosecutor deliberately obstructed the criminal process or wasted judicial resources.[4] Also, *Raposa* does not speak to whether dismissal might be the appropriate sanction in the event of such deliberate obstruction and waste, nor does it address the relevancy to that question of whether the condemned conduct not only has affronted the court but also has adversely affected the fundamental rights of particular defendants.

Nothing in *Thomas*, in *Silva*, or in *Raposa* supports a conclusion that in this situation the assistant district attorney's nol prossing of the complaints in the District Court constituted such an affront to the court as to require dismissal of the indictments. Therefore, we answer the reported question, "No," and we remand the cases to the Superior Court for further proceedings.

*So ordered.*

---

[4] Of course, counsel should always be sensitive to the need to conserve judicial resources and to the importance of avoiding inconvenience to other counsel, and to parties and witnesses.