ANGEL VALENTIN *vs.* COMMONWEALTH.

Suffolk. December 5, 1991. - January 9, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal*, Place of trial, Speedy trial. *District Court*, Venue. *Supreme Judicial Court*, Superintendence of inferior courts.

General Laws c. 218, § 27A (*b*), providing for a designation of at least one division of the District Court in each county to hear cases appealed to a jury of six, does not authorize the transfer of an appeal from a conviction in a bench trial in the Brockton District Court in Plymouth County for trial before a six-person jury in the Stoughton District Court in Norfolk County without the defendant's consent and, as construed by this court as a statement of defendants' rights, § 27A (*b*) supersedes any possible common law authority for transferring cases for trial in another county. [610-612]

This court declined to exercise its powers of general superintendence to approve the use of the six-person jury in the Stoughton District Court in Norfolk County to try appeals from convictions in bench trials in the Brockton District Court in Plymouth County. [612-613]

A criminal defendant in District Court proceedings made no showing that the speedy trial rights secured him by G. L. c. 276, § 35, had been violated. [613-614]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on October 22, 1991.

The case was reported by *Greaney*, J.

*Jane Larmon White*, Committee for Public Counsel Services, for the plaintiff.

*Mary O'Sullivan Smith*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. We consider the lawfulness, over a defendant's objection, of the recently instituted practice of sending an appeal from a conviction in a bench trial in the Brockton District Court in Plymouth County for trial before a six-person

jury in the Stoughton District Court in Norfolk County. In this proceeding Angel Valentin, whom we shall call the defendant, argues that there is a statutory bar to such a transfer between District Courts in two counties. He argues additionally that, if the jury in the Stoughton District Court were not drawn from Plymouth County, his constitutional rights would be violated. We also consider the defendant's claim that his rights under G. L. c. 276, § 35 (1990 ed.), concerning the prohibition against adjourning a District Court trial for more than ten days over a defendant's objection, were denied.

Late in July, 1991, complaints issued from the Brockton District Court charging the defendant with four crimes that allegedly occurred in Brockton, which is in Plymouth County..The defendant, unable to meet bail, was held in custody. On August 7, over the defendant's objection, the Commonwealth obtained a continuance of a scheduled bench trial. Further continuances were granted until September 10, when a judge again continued the case for trial on September 20. On that date, a District Court judge found the defendant guilty on all charges. As was his right, the defendant claimed a de novo trial by jury.

The cases were transferred to the jury session of the District Court in Stoughton, which is approximately eight miles from Brockton but is in Norfolk County, for a pretrial conference to be held on September 30. The defendant declined to waive his right to a trial in Plymouth County by a Plymouth County jury and declined to be tried by a Norfolk County jury in the Stoughton District Court. He also moved, purportedly pursuant to G. L. c. 276, § 35, for a jury trial before October 10. That motion was denied, and, on October 11, the case was continued to October 21 for a status report.

On October 22, the defendant filed a complaint for relief pursuant to G. L. c. 211, § 3 (1990 ed.), in the Supreme Judicial Court for Suffolk County. The defendant claimed that the transfer of the case to Stoughton in Norfolk County was unlawful and that the delay in trying him before a jury violated G. L. c. 276, § 35. He sought an order that he be

provided a trial date within ten days before a jury drawn from Plymouth County residents. On November 19, 1991, after a hearing, a single justice of this court reported issues in the case to the full court. He ordered that the defendant be released on personal recognizance unless within ten days the Commonwealth afforded the defendant a trial by a Plymouth County jury.[1] The record before us includes a memorandum of the Chief Justice of the District Court Department concerning the creation of a jury session in Stoughton to try certain six-person jury cases, including some from outside Norfolk County. In recent years, until the new program was instituted, all Plymouth County six-person jury cases were tried in a six-person jury session in the District Court in Wareham, which is in Plymouth County and approximately forty miles from Brockton. The program to use the Stoughton District Court to try appeals from bench trial convictions in the Brockton District Court was initiated in July, 1991.

The memorandum of the Chief Justice of the District Courts that confirmed the establishment of a jury session at the Stoughton District Court was issued the day before the defendant's complaint was filed seeking relief from a single justice of this court. The Chief Justice stated in that memorandum that, under the authority of G. L. c. 218, § 27A (*b*) (1990 ed.), he had designated the Stoughton District Court to provide a jury session for criminal cases commenced in that court and in other courts in Region I (which includes the Brockton District Court), if designated by the Regional Administrative Justice. Section 27A (*b*), whose relevant portion appears in the margin,[2] provides for the designation of

[1]We have been advised that on November 27, 1991, a Plymouth County jury sitting in Wareham found the defendant not guilty. The issues involved in this case are important, fully briefed, and are of continuing interest to the District Court Department of the Trial Court and to defendants in situations similar to that of this defendant. We shall, therefore, deal with the issues presented even though they are moot as to this defendant.

[2]"The administrative justice for the district court department shall designate at least one division in each county for the purpose of hearing cases appealed to a jury of six; except that appeals from divisions within Suffolk

at least one division in each county to hear cases appealed to a jury of six. That section does not authorize generally the designation of a division of the District Court in one county to hear appeals from a District Court in another county. It explicitly authorizes out-of-county jury trials only of appeals from bench trials in Dukes, Nantucket, and Suffolk Counties. There is no room to imply authorization in § 27A (*b*) to establish a six-person jury session in Norfolk County to hear appeals from Plymouth County against the objection of a defendant. Indeed, the Commonwealth declines to adopt the reasoning of the Chief Justice of the District Court Department. It does not argue to us that § 27A (*b*) authorizes the use of the Stoughton District Court for the trial of appeals from the Brockton District Court.

The Commonwealth contends rather that there is no constitutional bar to the trial of a Brockton case by a Norfolk County jury in Stoughton, and that common law principles authorize the use of the Stoughton court to try six-person jury cases appealed from the Brockton court. We need not resolve the constitutionality of the use of Norfolk County jurors to try appeals from Brockton because, in the face of § 27A (*b*), Plymouth County appeals to a jury of six may not be transferred to a court in Norfolk County without the defendant's consent. There is, of course, common law authority to change the venue of a trial for the purpose of securing an impartial jury. *Crocker* v. *Superior Court*, 208 Mass. 162, 175 (1911). There is also some precedent, perhaps largely statutorily based, for the use of jurors from one county to try an offense that occurred in another county. See *Commonwealth* v. *Aldoupolis*, 390 Mass. 438, 444-445 (1983). Even if there is a common law basis for a judicial transfer of entire groups of cases for trial in another county, § 27A (*b*), which

county shall be held in the Boston municipal court department or district courts in Suffolk county or with the approval of the administrative justice, may be held in such district courts the judicial districts of which adjoin Suffolk county as are designated by said administrative justice; and appeals in the divisions for Dukes county and Nantucket county may be held in Barnstable county or Bristol county . . . ."

we construe not as a jurisdictional statute but as a statement of defendants' rights, supersedes any such common law authority. The Commonwealth does not argue that separation of powers principles, expressed in art. 30 of the Massachusetts Declaration of Rights, make such a legislative mandate unenforceable.

What we have discussed to this point has little to do with the proper administration of the District Court Department nor with the effective use of court facilities to dispose of cases promptly, efficiently, and fairly. The logic of sending a case from Brockton to be tried to a jury in Stoughton, eight miles away, rather than to Wareham, forty miles away, is obvious. Generally, the defendant, the witnesses, and counsel will be convenienced by such an arrangement. The availability of the Stoughton District Court for the trial of six-person jury cases from Brockton will relieve the pressure of business in Wareham. Moreover, the record shows that arrangements have been made to use jurors from Plymouth County in the trial of Brockton cases in Stoughton.

The Commonwealth points to the obvious common sense of what the Chief Justice of the District Courts has done and urges us to exercise our power of superintendence over the courts to ratify the system that has been established to try all Brockton jury appeals in Stoughton. If we were to do so, we would be overriding a legislative mandate, after the fact, on a record that may not disclose all the relevant considerations and options.

In any event, as a matter of comity and in the absence of an emergency, we would expect that an attempt to amend any impeding statute normally would precede a request that this court declare that the administration of justice requires that the statute be disregarded. We greatly prefer not to exercise our superintendence power in the resolution of an issue in the confinement of a litigated matter. See *Commonwealth v. Solis*, 407 Mass. 398, 402 (1990) (declining to fashion disciplinary rule outside of normal procedures for publishing rules); *Commonwealth v. Bastarache*, 382 Mass. 86, 102-103 (1980) (urging revision of procedures for compilation of jury

lists). We prefer rather to deal with such matters administratively and prospectively. In those circumstances, the court can freely acquire facts and opinions from various sources, including advance public comment on any action we may be considering in order to meet "the judiciary's constitutionally required needs." *County of Barnstable* v. *Commonwealth*, 410 Mass. 326, 335 (1991). We decline, however, to exercise our powers of general superintendence in this case to approve the use of the Stoughton District Court to handle all appeals from the Brockton District Court.

We turn finally to the defendant's argument that he was denied a right to the prompt trial that he says is required by G. L. c. 276, § 35. This issue is unrelated to the first one and presumably could have been advanced in numerous appeals that have been taken since the jury-of-six system was established. Section 35 provides, as relevant here, that "the court or justice may adjourn an examination or trial from time to time, not exceeding ten days at any one time against the objection of the defendant." The Commonwealth has not argued here that § 35, which was enacted long before the current District Court de novo trial system was established, does not apply to jury sessions in the District Courts.[3] The Commonwealth points out that, on the record, the defendant did not have any continuance of more than ten days imposed on him over his objection. Section 35 concerns continuances. A violation of § 35 implicates the question of a denial of a defendant's constitutional right to a speedy trial, an issue not presented in this case.[4] See *Commonwealth* v. *Ludwig*, 370 Mass. 31, 33-34 & n.1 (1976); *Commonwealth* v. *Conant*, 12

---

[3]We do not decide the point but do suggest that legislative attention to the point might be attempted.

[4]The issue is not here at least because the defendant has now been acquitted of all charges. Moreover, the record does not have sufficient findings bearing on the issue.

Mass. App. Ct. 287, 289-290 (1981). Section 35 does not, however, mandate a trial within ten days.[5]

A judgment shall be entered in the county court declaring that no case of a person convicted in the Brockton Division of the District Court Department who claims an appeal to a jury session of the District Court shall be transferred for trial to the Stoughton Division of the District Court Department without the defendant's waiver of his right to a jury trial in Plymouth County. We thereby approve the trial in the jury-of-six session of the Stoughton District Court of any appeal from the Brockton District Court, if the defendant waives his right to a trial by a Plymouth County jury in Plymouth County. The judgment shall also state that the defendant has not shown that his rights under G. L. c. 276, § 35, were violated.

*So ordered.*

---

[5]At no point has the defendant identified the event that starts the ten-day period running in a case appealed to a District Court jury-of-six session.