The defendant appeals from his conviction of operating under the influence of intoxicating liquor (OUI), second offense,[2] and from the order denying his motion to set aside the verdict and for a new trial. He argues that his constitutional right to a speedy trial was violated and that there was insufficient evidence to sustain his OUI conviction. On those same grounds, he alleges that his motion should have been allowed. We affirm.
1. Speedy trial. On January 23, 2015, the defendant was arraigned on a complaint charging him, in relevant part, with OUI, first offense. The Commonwealth moved to continue the trial date of November 18, 2015. Over the defendant's objection, the trial was rescheduled to January 25, 2016. On that date, the Commonwealth filed a nolle prosequi "in the interests of justice," further explaining that "[t]he Commonwealth needs to refile as an OUI -- 3rd offense."[3] The judge in the session noted on the nolle prosequi document: "Accepted, however the Court finds the nolle prosequi is filed in bad faith for reasons recited in the record."[4] Approximately two months later, a new complaint issued charging the defendant with OUI, third offense. The charge later was amended to OUI, second offense, and the defendant proceeded to trial on October 5, 2016.[5] After the jury returned a verdict of guilty on the underlying OUI charge, the defendant was convicted of the subsequent offense portion of the charge after a bench trial. The defendant later moved to set aside the verdict and for a new trial, raising the speedy trial claim for the first time. The judge denied the motion.
On appeal, the defendant argues that the Commonwealth's "bad faith" conduct in delaying his case,[6] abandoning it and then recharging him for the same incident, deprived him of his constitutional right to a speedy trial. To determine whether a defendant's constitutional right to a speedy trial has been violated, courts ordinarily consider four factors: the length of the delay, the reasons for delay, the defendant's assertions of his speedy trial right, and the prejudice to the defendant. See Commonwealth v. Butler, 464 Mass. 706, 714-715 (2013), citing Barker v. Wingo, 407 U.S. 514, 530-533 (1972).
Here, the defendant was brought to trial within a few months of the discontinuation of the first case; he was ultimately tried within the constraints of Mass.R.Crim.P. 36(b), 378 Mass. 909 (1979).[7] The Commonwealth's stated reason for discontinuing the first case and refiling was to bring the appropriate charge against the defendant. The defendant did not assert his speedy trial rights until after he was convicted. On appeal, he fails to show prejudice.
Foregoing analysis of the traditional speedy trial factors, the defendant instead relies entirely on Commonwealth v. Thomas, 353 Mass. 429 (1967), to support his argument. There, the defendant appeared ready for trial in the District Court, and the Commonwealth requested a continuance. Id. at 430. After the District Court judge denied the request, the prosecutor immediately nolle prossed the case without explanation and subsequently obtain an indictment in the Superior Court for a charge based on the same incident. Ibid. The Supreme Judicial Court upheld the Superior Court judge's dismissal of the indictment, noting that the prosecutor's actions amounted to "an act of effrontery" to the District Court judge. Id. at 432.
Here, however, the record does not disclose that the Commonwealth requested or had been denied a continuance on the day of trial.[8] Moreover, in this case the prosecutor did give a reason for filing the nolle prosequi, namely so that the Commonwealth could file the appropriate charge against the defendant. Upon refiling the appropriate charge, the case remained in the District Court, where it was ultimately tried. Thus, there was no attempt by the prosecutor to circumvent a court order or to divest the court of jurisdiction. Because the refiled case remained in the District Court, the prosecutor remained answerable to the District Court. Rather than moving to dismiss the refiled case, however, the defendant proceeded to trial and only raised the issue postconviction. Under the circumstances, Thomas does not lend support to the defendant's claim. See Commonwealth v. Hinterleitner, 391 Mass. 679, 683 (1984) (where prosecutor nolle prossed District Court complaint on day of probable cause hearing in order to proceed by indictment, defendant's speedy trial rights were not violated; there was no misuse of prosecutorial power). The defendant has failed to establish a constitutional speedy trial violation.
2. Sufficiency of evidence. The defendant argues that there was insufficient evidence to support the underlying conviction of OUI. Viewing the evidence and the inferences that can be drawn from it in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), there was sufficient evidence. To prove OUI, the Commonwealth was required to "prove that the defendant (1) physically operated a vehicle; (2) on a public way or place to which the public has a right of access; and (3) ... was impaired by the influence of intoxicating liquor." Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016) (quotation omitted).
The defendant only challenges the third element. "To establish that the defendant was under the influence, the Commonwealth must prove a diminished capacity to operate safely." Id. at 510. The Commonwealth presented evidence that the defendant hit another motor vehicle with his vehicle and, rather than stopping, continued on the road. The other driver who had been hit followed the defendant and observed the trailer attached to the defendant's vehicle swerving on the road, unable to stay inside the marked lanes. Once the police caught up to the defendant, he ignored police lights and sirens and did not stop his vehicle until a police cruiser cut off his path.
When the defendant spoke with police, officers observed that the defendant had an odor of alcohol, bloodshot glassy eyes, and slurred speech. The defendant also acted belligerently, refusing to comply with any commands from the officers to get out of the vehicle. When the defendant finally emerged from the vehicle, he was unsteady on his feet. A jury could reasonably infer from that evidence that the defendant's ability to operate safely was impaired by alcohol. See ibid.
3. Postconviction motion. After trial, the defendant filed a motion to set aside the verdict and for a new trial, raising the same arguments he raises in his direct appeal. The motion was heard by the trial judge, who denied it. We review a judge's decision regarding whether or not to set aside a verdict for abuse of discretion. See Commonwealth v. Millyan, 399 Mass. 171, 188 (1987). We review a motion for new trial under the same standard. Commonwealth v. Acevedo, 446 Mass. 435, 441-442 (2006). "Reversal for abuse of discretion is particularly rare where[, as here,] the judge acting on the motion was also the trial judge." Ibid., quoting from Commonwealth v. Lucien, 440 Mass. 658, 670 (2004). Because there was sufficient evidence to support the defendant's conviction and no violation of the defendant's speedy trial rights, the judge properly denied the defendant's motion.
Judgments affirmed.
Order denying motion to set aside verdict and for new trial affirmed.

The defendant was also convicted of resisting arrest; he does not challenge that conviction on appeal. He was acquitted of assault and battery by means of a dangerous weapon.

The Commonwealth asserts that it filed the nolle prosequi on the day of trial because it had learned for the first time that day that the defendant had two prior convictions. Although the defendant does not appear to dispute it, we do not consider this unsupported assertion.

The defendant failed to provide this court with the corresponding record in which the judge's reasoning was recited. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) (defendant's burden to present record adequate for review).

An earlier scheduled trial on July 26, 2016, had resulted in a mistrial.

The defendant asserts that "the Commonwealth was granted several postponements of the trial over [the defendant's] continuous objections," but the docket reflects only a single request to postpone the trial date.

The motion judge determined that "the Commonwealth complied with Rule 36(b)," and the defendant does not dispute this on appeal.

The defendant's assertions to this effect on appeal are entirely unsupported by the record, and so we do not consider them.